IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,955

In the Matter of JASON M. JANOSKI,
*Petitioner.*

ORDER OF REINSTATEMENT

On September 2, 2022, this court suspended Jason M. Janoski's license to practice law in the state of Kansas for one year under Supreme Court Rule 225(a) (2022 Kan. S. Ct. R. at 281). The court further ordered that before the court would consider the merits of any petition for reinstatement, Janoski must undergo a reinstatement hearing pursuant to Supreme Court Rule 232(e) (2022 Kan. S. Ct. R. at 294). See *In re Janoski*, 316 Kan. 370, 516 P.3d 125 (2022).

On September 15, 2023, Janoski filed a petition for reinstatement under Rule 232(b). Upon finding sufficient time had passed for reconsideration of the suspension, the court remanded the matter for further investigation by the Office of the Disciplinary Administrator (ODA) and a reinstatement hearing.

On September 23, 2024, a hearing panel of the Kansas Board for Discipline of Attorneys conducted a reinstatement hearing. In its Reinstatement Final Hearing Report, the hearing panel concludes Janoski presented clear and convincing evidence to show the factors in Rule 232(e)(4) weigh in favor of reinstatement. Accordingly, the panel recommends the court grant Janoski's petition, reinstate his law license, and place him on probation. In support, the panel concedes probation is not contemplated under Rule 232 but explains that it "is convinced that [Janoski] needs to have such a plan in place to succeed."

1

We have previously addressed the distinction between placing an attorney on probation under Rule 227 and reinstating an attorney's license with conditions on the attorney's practice under Rule 232(h).

"Under Supreme Court Rule 227 (2023 Kan. S. Ct. R. at 283), the court places an active-licensed respondent on 'probation' as a form of discipline upon finding the respondent committed misconduct that can be corrected by probation. What happens after that is governed by Rule 227(g) (procedure following the respondent's successful completion of probation) or Rule 227(i) (procedure upon an alleged violation of the terms of probation).

"In 'reinstatement' proceedings under Rule 232, the court does not impose discipline; rather, it decides whether the court should reconsider the petitioner's suspension or disbarment based on various circumstances that have occurred (or have not) since the court suspended or disbarred the petitioner. See generally Rule 232(b)-(e) (outlining the initial procedures for reinstatement in this court). Where, as here, the court determines sufficient time has elapsed to justify reconsideration of an indefinite suspension order and receives the final report from the reinstatement hearing, it determines whether the petitioner has proven that the petitioner's fitness to practice law has been restored and that the factors outlined in Rule 232(e)(4) weigh in favor of reinstatement. If not, the court denies the petition for reinstatement. If so, the court grants the petition for reinstatement and reinstates the petitioner's license to practice law. And under Rule 232(h), the court 'may order the [reinstated] attorney to comply with any condition or limitation on the attorney's practice' and 'may also order that the attorney's practice be supervised for a period of time.'" *In the Matter of Shaw*, 317 Kan. 546, 546-47, 533 P.3d 311 (2023).

The court accepts and adopts the findings of the hearing panel, grants Janoski's petition for reinstatement, and reinstates Janoski's Kansas law license subject to the conditions and limitations on practice outlined by the hearing panel as proposed terms of "probation" at paragraph 39, pages 30-31 of the final hearing report. These conditions,

which must be followed for a one-year period following the date of this order, include, but are not limited to:

- Janoski must comply with the "Sobriety/Probation Plan" filed with the Kansas Board for Discipline of Attorneys on August 28, 2024, with the exception of the requirement to "follow the dictates of Supreme Court Rule 227," which does not apply.
- Janoski's practice will be supervised by Matthew Davis or, in the event that Davis becomes unavailable, by another supervisor mutually agreed upon by the parties.
- Janoski and his supervisor must each submit monthly reports to the ODA concerning Janoski's compliance with the conditions of his practice.
- Janoski must report to the ODA within 15 days if he (1) changes his residence, (2) changes his employment, or (3) has any contact with law enforcement.
- Janoski must extend his monitoring agreement with KALAP and continue to be monitored by KALAP during the time period in which these conditions of his practice are in place.
- Janoski must sign all releases necessary to accommodate communications between the ODA, Janoski's KALAP monitor, and KALAP staff regarding Janoski's compliance with the KALAP monitoring agreement.
- Janoski must immediately report to his supervisor and the ODA any violations of these conditions of his practice. The ODA shall then determine whether such violations constitute a new violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, and Janoski's oath of office and proceed accordingly.

The court orders Janoski to satisfy all administrative requirements for reinstatement, including the payment of all attorney registration fees to the Office of Judicial Administration (OJA) and the completion of all continuing legal education requirements. See Supreme Court Rule 812 (2024 Kan. S. Ct. R. at 603) (outlining CLE

3

requirements following reinstatement). The court directs that once OJA receives proof of Janoski's completion of these conditions, OJA must add Janoski's name to the roster of attorneys actively engaged in the practice of law in Kansas.

Finally, the court orders the publication of this order in the official Kansas Reports and the assessment of all costs herein to Janoski.

Dated this 11th day of March 2025.